439 P.2d 462

Robert McDONALD and Lula McDonald, his wife, and Golden Manor Of Salt Lake City, Inc., a corporation, Plaintiffs and Appellants,

v.

Harden W. BREINHOLT and Capitol Industries, Inc., a Utah corporation, Defendants and Respondents.

No. 11064.

Supreme Court of Utah.

April 10, 1968.

Macoy A. McMurray, of McKay & Burton, Salt Lake City, for appellants.

Ronald C. Barker, Salt Lake City, for respondents.

TUCKETT, Justice:

This is an appeal by the plaintiffs from a summary judgment dismissing the plaintiffs' complaint. The plaintiffs are here seeking a reversal of that judgment.

The plaintiffs filed their complaint in the court below in three separate counts wherein they seek relief as follows: (1) The plaintiffs seek to reform a lease entered into by the parties on the grounds of fraud and further seek compensatory and punitive damages. (2) In the second count the plaintiffs seek to recover damages for the increased costs and maintenance of the nursing home by reason of defects in construction of the building and from a loss of expected revenues. (3) In the third count the plaintiffs, Robert McDonald and Lula McDonald, are seeking damages for the diminution of the value of the shares of stock held by them in the Golden Manor Of Salt Lake City corporation resulting from fraudulent misrepresentations on the part of the defendants.

Prior to August of 1963 the plaintiff Robert McDonald conceived the idea of establishing a nursing home facility in the area of Salt Lake County to be operated by himself and his wife. McDonald formed the Golden Manor Of Salt Lake City, Inc., a corporation under the laws of the state of Utah, for the purpose of carrying on that business. The McDonalds subscribed to nearly all of the stock issued by the corporation. Robert McDonald commenced negotiations with Harden W. Breinholt, President of Capitol Industries, Inc., for the building of such a facility. McDonald summitted to the defendants a written proposal of the type of building he was interested in to carry on the business he had in mind. McDonald claims that during the discussions with Breinholt leading up to the construction of the building an understanding had been reached whereby the plaintiffs were to lease the proposed building at annual rent equal to ten per cent of the total cost of the facility. On August 22, 1963, a lease was entered into between Capitol Industries, therein designated as landlord, and Golden Manor Of Salt Lake City, Inc., and Robert McDonald, designated therein as tenants. The lease provided for an annual rental of $39,000 to be paid in monthly installments of $3,250. The plaintiffs took possession thereof and operated the facility as a nursing home. Approximately 20 months after the plaintiffs had taken possession a new lease was entered into identical in terms with the first lease except that the new lease provided for an annual rental of $36,000 payable at the rate of $3,000 per month.

During construction of the building the plaintiff Robert McDonald consulted

with the architect employed by the defendants to design and supervise construction of the building. Prior to signing the second lease McDonald had employed an independent appraiser to appraise the property and he had knowledge of the county assessor's estimate of the value of the facility as well as an appraisal made by an insurance company. Based upon the material and information available to him McDonald was of the opinion that the value of the nursing home was in the neighborhood of $250,000. McDonald demanded of Breinholt that he be furnished the actual costs of the facility. Breinholt refused to furnish the information. Based upon the foregoing facts it is quite evident that the plaintiffs were not deceived by any statements or course of conduct upon the part of the defendants and there is no basis on which the court could have reformed the lease on the basis of fraud [1] nor were there any grounds for awarding damages to the plaintiffs based upon the defendants' fraudulent misrepresentations.

■ The plaintiffs claim that while they were in possession of the building they found numerous defects in construction such as leaking roofs, faulty heating and air-conditioning equipment, and that the building was not finished in a workmanlike manner. The plaintiffs now claim that by reason of the defective construction of the facility the cost of operating the business increased and that a loss of revenue was suffered by the plaintiffs. Some of the defects complained of by the plaintiffs were in fact corrected by the defendants. It should be noted that the plaintiffs were aware of these defects at the time the second lease was executed by them. The provisions of the lease provide that the landlord shall correct and repair all structural defects, including walls, roofs, foundation, etc., and further provide that should the landlord fail to make such repairs or replacements the tenant could undertake such work and deduct the reasonable cost thereof from the rental payments. The plaintiffs' claim for damages resulting from the defendants' failure to properly build or repair the facility goes far beyond the agreement of the parties as set forth in the lease.

■ In the third count the plaintiffs, Robert McDonald and Lula McDonald, seek to recover damages for the diminution in the value of their stock of the corporate plaintiff. The facts before us indicate that these plaintiffs did in fact enter into an agreement to sell their shares of stock at a profit. It does not appear to us that there is any basis in the record for an award of such damages. It would seem that the claim

1. Jardine v. Brunswick Corp., 18 Utah 2d 378, 423 P.2d 659; Lawrence v. Ward, 5 Utah 2d 257, 300 P.2d 619; Fleming v. Fleming-Felt Co., 7 Utah 2d 293, 323 P.2d 712.

**12**

of these plaintiffs could only be based upon speculation as to what the value of their shares of stock might have been had the venture succeeded according to expectations of the plaintiffs.

The judgment of the lower court is affirmed. Costs to the defendants.

CROCKETT, C. J., and CALLISTER, HENRIOD, and ELLETT, JJ., concur.